COMMONWEALTH *vs.* ROBERT C. GLAVIN.

Worcester. March 4, 1968. — March 27, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Evidence,* Illegally obtained evidence. *Arrest. Search and Seizure. Eavesdropping. Practice, Criminal,* Assistance of counsel, Suppression of evidence. *Interstate Rendition.*

Arrest of a defendant, for whom a valid warrant had been issued, in a telephone booth in a foreign State a few minutes after he placed a call to one in Massachusetts whose telephone police officers had tapped pursuant to a court order under G. L. c. 272, § 99, was lawful even if there was some defect in the wiretap proceedings where it appeared that the only information garnered from the tap was as to the defendant's whereabouts; and seizure by police of articles of the defendant upon the arrest was incident thereto, and there was no error in the denial of a motion to suppress them as tainted by the alleged illegality in the wiretap proceedings. [71–72]

Where it appeared in a criminal proceeding that immediately after the arrest of the defendant in a YMCA he observed his bag in the possession of the desk clerk, volunteered that it was his, and said "Yes" when asked by a police officer if he "wanted the bag," there was no "custodial interrogation" to which the rule of *Miranda v. Arizona,* 384 U. S. 436, respecting the giving of a warning to one in custody of a right to remain silent could apply, and there was no error in the denial of a motion to suppress his admission that the bag was his. [72–73]

A motion in criminal proceedings in Massachusetts to suppress evidence, obtained in a foreign State following the defendant's arrest there, on the ground that he was denied counsel at a rendition hearing there at which he waived rendition proceedings was properly denied since the principles of *Miranda v. Arizona,* 384 U. S. 436, do not apply to rendition hearings. [73]

INDICTMENTS found and returned in the Superior Court on June 1, 1966.

Motions to suppress were heard by *Meagher*, J., and the cases were tried before him.

*Arnold W. Olsson (John Linzee* with him) for the defendant.

*Manuel Morse*, Assistant District Attorney, for the Commonwealth.

SPIEGEL, J.   The defendant was tried on indictments charging him with murder in the first degree and carrying firearms without authority.   The jury returned verdicts of guilty on both indictments with a recommendation that the sentence of death be not imposed.   The trial was held subject to G. L. c. 278, §§ 33A–33G, and the cases are here by appeals.

The defendant filed three assignments of error.   Each of these relates to the denial of his motions to suppress various items of "evidence and information," on the grounds that they were obtained (assignment 1) "as a result of the use of wire tapping devices in violation of Mass. G. L. [c.] 272, Sec. 99, Texas Code of Criminal Procedure, Chapter 722, Art. 38.23, Federal Statute, 47 U. S. C. 605, and the Constitution of the United States, Amendments IV and V"; (assignment 2) "without warrant by an unreasonable search and seizure in violation of the Constitution of the United States, Amendment IV"; and (assignment 3) "from the defendant in violation of the Constitution of the United States, Amendment VI, while the defendant was deprived of the assistance of counsel."   The defendant made one motion to suppress which was denied, without prejudice, after hearing, several months before the trial. A second motion to suppress was heard at the trial and also denied.   In ruling on both motions, the judge heard testimony on voir dire and made findings of fact.

A complaint charging the defendant with murder, and a warrant for his arrest, were issued by the District Court in Worcester on May 16, 1966.[1]   On May 17, 1966, the district attorney applied for an order under G. L. c. 272,

---

[1] The defendant does not contend that there was not probable cause for the issuance of the warrant.

§ 99, authorizing Worcester police officers to tap the telephone of one Karen Nylen. The order was issued on the same day. After the wiretap was in effect, the defendant telephoned Karen Nylen from San Antonio, Texas, five to seven times. The Worcester police, by intercepting these calls, discovered that the defendant was in San Antonio. They subsequently informed the Bexar County, Texas, sheriff's office of the defendant's presence in San Antonio, and sent to the sheriff's office a description of the outstanding complaint and a photograph of the defendant. The sheriff's officers in San Antonio asked the local telephone company to inform them of any calls between that city and Worcester. When, on May 23, 1966, the defendant telephoned Karen Nylen from a booth at the San Antonio YMCA, he was arrested in the booth within a few minutes of placing the call. The defendant was taken by the arresting officers past the desk of the YMCA. The desk clerk "had a bag, bowling bag" and the defendant "stated that was his bag." One of the officers asked the defendant if he "wanted the bag," and he said, "[Y]es." The clerk handed the bag to one of the officers. It contained a .22 calibre pistol (identified at the trial as the murder weapon), ammunition, clothing, and various papers which were later admitted in evidence. These items constitute the tangible evidence which the defendant seeks to suppress. Subsequently, the defendant was taken before a Texas court where he waived rendition proceedings. The defendant was then returned to the Commonwealth in the company of two Worcester police officers.

The defendant contends that the wiretap in Massachusetts and the telephone interception in Texas were in violation of applicable State statutes, and that G. L. c. 272, § 99, is unconstitutional. In support of the latter proposition the defendant cites *Berger* v. *New York*, 388 U. S. 41. He further argues that "Without the tap the person and property of . . . [the defendant] would not have been seized." Under the so called "exclusionary rule" of *Mapp* v. *Ohio*, 367 U. S. 643, 655, 657, it is argued, the pistol and other

items were evidence derived from an unlawful search and were "branded with the initial taint." *Commonwealth* v. *Spofford*, 343 Mass. 703, 707.

We do not agree. A valid warrant, supported by evidence of probable cause, was issued before the wiretap was instituted. Even if we assume that there was some defect in the wiretap, we cannot perceive how this evidence was thereby tainted. "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' " *Wong Sun* v. *United States*, 371 U. S. 471, 487–488. In the instant case the means are sufficiently distinguishable. The judge found that the seizure of the defendant's bag was incident to a lawful arrest. It appears that the only information garnered from the tap pertained not to probable cause but only to the defendant's whereabouts. To hold that an arrest is not lawful where the only illegality alleged involves the discovery of information leading to the defendant's apprehension, goes far beyond the already stringent effects of the exclusionary rule. We believe the seizure was incident to a lawful arrest, and as a consequence we hold that the line between the alleged illegality and the discovery of the questioned evidence had "become so attenuated as to dissipate the taint." *Nardone* v. *United States*, 308 U. S. 338, 341.

The defendant also contends that he was not warned of his constitutional rights as required by *Miranda* v. *Arizona*, 384 U. S. 436, 467, 468, "before being asked to identify the bag" at the San Antonio YMCA. It is apparently urged that because of this lack of warning, the defendant's admission that the bag was his should have been suppressed. Whatever may be the precise thrust of this argument, it appears to be founded on a misreading of the record. The

arresting officer testified on voir dire that the defendant observed his bag in the possession of the desk clerk, volunteered that it was his, and was asked only if he wanted it. The defendant testified to a totally different chain of events, but the judge found that he "was not worthy of belief in his contentions concerning the bag . . . ." There appears to have been no trace of "custodial interrogation" to which the rule of *Miranda* v. *Arizona* might apply.

The defendant's final contention is that he was denied counsel at the rendition hearing in Texas, which was a "critical stage of the proceedings against . . . [him]," and that he could not intelligently waive his "rights." There was conflicting evidence as to the degree of the defendant's understanding of the proceedings, the advice he was given, and his alleged decision to forgo the assistance of counsel until he returned to Worcester. We do not find it necessary to resolve the question whether his waiver was intelligent or whether he was adequately informed of his rights to counsel. "*Miranda* does not apply to rendition . . . hearings . . . . Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial." *United States* v. *Flood, Warden,* 374 F. 2d 554, 557 (2d Cir.). The defendant has availed himself of the opportunity to argue the constitutionality of his arrest at the trial and on this appeal. The motion to suppress was properly denied.

We have reviewed the entire record and are of opinion that justice does not require a new trial or the entry of a verdict of a lesser degree of guilt in the murder case. See G. L. c. 278, § 33E, as amended by St. 1962, c. 453.

*Judgments affirmed.*