Commonwealth *v.* Woods, Appellant.

Submitted September 17, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Spaeth, JJ.

*Leonard Sosnov, John W. Packel,* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Richard Steel, James T. Ranney, David Richman,* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Watkins, P. J., September 23, 1974:

This is an appeal from the order of the Court of Common Pleas, Criminal Division, of Philadelphia, denying a petition by the defendant-appellant, Ronald Woods, for a Writ of Habeas Corpus.

The defendant contends that his petition for a Writ of Habeas Corpus should be granted because he had been detained more than ninety (90) days following his arrest without being presented before the court, as required by the Uniform Criminal Extradition Act, July 8, 1941, P. L. 288, §1-31, 19 P.S. 191.14 et seq. He contends that this ninety (90) day period must run from the date the fugitive detainer was lodged, that is August 3, 1972.

The court below held that there was no merit in this contention in that he had been incarcerated prior to August 3, 1972, as the result of a purely local charge against him and held that the ninety (90) days began to run October 26, 1972, the date of the defendant's arrest on the fugitive warrant. The lower court cited *Commonwealth ex rel. Knowles v. Lester*, 223 Pa. Superior Ct. 519, 302 A. 2d 412 (1973), as determinative of this issue.

However, on allocatur, the Supreme Court in *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A. 2d 637 (1974), reversed this Court, holding that "the detainer against one in custody on another charge is an arrest" and reinstated the order of the court below granting the writ and discharging the defendant. In the instant case, the period of ninety (90) days fixed by the Act, supra, began to run on the lodging of the detainer so that he was not called for hearing within the required statutory period. He was not arraigned until April 24, 1972, more than one hundred and forty (140) days after his arrest.

The order of the court below is reversed, the Writ granted and the defendant discharged.