Commonwealth ex rel. McCaine, Appellant, *v.*
Gedney.

Submitted March 24, 1975. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*Stephen Dickstein, Douglas Riblet, Andrea Commaker Levin,* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Howell K. Rosenberg, James A. Shellenberger,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for appellee.

OPINION BY VAN DER VOORT, J., December 1, 1975:

Appeal is taken to this Court from an Order allowing appellant's extradition to Maryland following a hearing at which appellant's petition for habeas corpus was denied. Proceedings in this case are governed by the "Uniform Criminal Extradition Act", Act of July 8, 1941, P.L. 288, §1, *et seq.,* 19 P.S. §191.1 *et seq.*

The facts giving rise to Maryland's request for extradition are stated in *Commonwealth v. McCaine,* 218 Pa. Superior Ct. 274, 275 A.2d 867 (1971). Therein the subject was a 1969 Maryland extradition request, brought before us by means of appellant's challenge, through petition for habeas corpus, to an order of extradition. We held that the procedure mandated by the Act, *supra,* had not been met, and we discharged appellant. On February 20, 1974, Governor Shapp of Pennsylvania signed a Governor's Warrant for the arrest of "William Edward Leek", an alias of appellant, which document was based upon the request of the Governor of Maryland, dated February 12, 1974. On June 4, 1974, Philadelphia police arrested appellant on a "Complaint" which read: "On Dec. 7th, 1961 the above subject [appellant] was sentenced to 20 years for rape, by Judge Manley. On 11/1/67 the above subject escaped from the Maryland Corr. Camp

Center."[1] Arraignment was held June 5, 1974. At a July 3, 1974, hearing on appellant's petition for habeas corpus taken to the June 4 arrest, the Commonwealth entered the Governor's Warrant, following which appellant amended his petition for habeas corpus relief, hearing on which was August 6 and 7, 1974. It is the denial of this latter petition, and the subsequent Order for extradition, which is the subject of the instant appeal.

The 1969 extradition proceedings, which resulted in our opinion in 218 Pa. Superior Ct. 274 (1971), *supra,* and the instant extradition matter are both based on the same Maryland charge of prison breach. The question thus becomes whether appellant may be arrested lawfully and subjected to extradition proceedings a second time. There is no problem as to correctness of the June 4 arrest of appellant on a fugitive warrant, or as to the procedural exactitude in as much as the Act, *supra,* was complied with following execution of the Governor's Warrant and extradition documents.

We consider the case of *Commonwealth ex rel. Douglass v. Aytch,* 225 Pa. Superior Ct. 195, 310 A.2d 313 (1973) controlling.[2] Therein the prisoner was discharged by the Philadelphia Common Pleas Court because of the Commonwealth's failure to strictly adhere to the time schedule mandated by the Act, *supra.* We held that " 'the fact that a prisoner held for extradition has been discharged through habeas corpus proceedings is not a bar to a second application or requisition for extradition, at

---

1. Although our record is not clear, it appears that appellant came into the custody of the Philadelphia police following his discharge from federal authorities, having been arrested on a charge of unlawful interstate flight to avoid Maryland prosecution.

2. Judge SPAETH filed a Concurring Opinion in which Judges JACOBS and SPAULDING joined, pointing out that a prisoner's right to speedy hearing and to disposition of extradition matters against him within a total of ninety days (the Act, *supra,* §§ 14 and 17) would be denigrated by rearrests.

least where the discharge was for an irregularity in the extradition proceeding which can be corrected on a second requisition.' 39 Am. Jur. 2d §161 at P. 294." When extradition proceedings fail because of procedural irregularities, it is clear that a decision is not rendered on the merits, or substantive elements, of the right of the demanding state to have the fugitive returned to it. A decision on the merits not having been rendered, double jeopardy or res judicata does not attach. See *Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 228 A.2d 742 (1967). Rearrest and extradition of appellant are proper.

Order affirmed.

———

DISSENTING OPINION BY SPAETH, J.:

For reasons set forth in my concurring opinion in *Commonwealth ex rel. Douglass v. Aytch,* 225 Pa. Superior Ct. 195, 310 A.2d 313 (1973), I do not think that appellant can be arrested again under Section 14, 19 P.S. §191.14. I would therefore grant appellant's petition for habeas corpus relief.

This does not mean, however, that appellant is immune from extradition to Maryland; the Commonwealth need only obtain another Governor's Warrant and rearrest appellant on that. Proper procedure having been followed, extradition may then be ordered.