364 A.2d 413
**COMMONWEALTH of Pennsylvania**
v.
**Manfred HUDE, Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

---

Thomas F. Traud, Jr., Allentown (Court-appointed), for appellant.

Richard J. Orloski, Allentown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

This appeal follows the dismissal by the lower court of appellant's petition for a writ of habeas corpus. We find that the writ should not have been dismissed and we will, therefore, reverse the order of the lower court and grant appellant's petition.

The facts briefly stated indicate that appellant was incarcerated in the Lehigh County Prison on March 7, 1975, for multiple drug charges. On April 9, 1975, while

appellant was incarcerated, a detainer was filed against him by the State of New Jersey, pursuant to a bench warrant issued March 27, 1975.

On July 3, 1975, appellant filed a petition for a writ of habeas corpus because, as of that date, no extradition proceedings had been initiated and appellant had not been arraigned on the detainer. On September 30, 1975, the lower court dismissed this petition.

The Uniform Criminal Extradition Act [1] provides that an accused person may be committed for a period of thirty days until the requisition papers are forwarded from the demanding state.[2] However, if a warrant from the governor of the demanding state is not forthcoming the accused person must be discharged. In the case at bar, the thirty day period expired on May 9, 1975.[3]

The instant situation is directly covered by the recent case of *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974). Our supreme court there held:

> "The clear intent of section 15 of the Uniform Criminal Extradition Act is that an alleged fugitive may not be committed for more than thirty days (footnote omitted) while awaiting the warrant of the governor of the demanding state. (citations omitted).
>
> ". . . This failure to comply with the provisions of the Uniform Criminal Extradition Act, (citations omitted), energizes the statutorily-provided remedy

---

**1.** Act of July 8, 1941, P.L. 288, § 1 (19 P.S. § 191.1) *et seq.*

**2.** Act of July 8, 1941, P.L. 288, § 15 (19 P.S. § 191.15).

**3.** The Uniform Criminal Extradition Act also provides that a judge or magistrate may recommit the accused for an additional sixty days if proper action is not commenced within the original thirty days. 19 P.S. § 191.17. However, our court has determined that before this sixty day recommitment is imposed, a hearing must be held on this issue. *Commonwealth v. Murphy*, 236 Pa.Super. 37, 344 A.2d 662 (1975). In the case at bar, there is no indication that any such hearing was ever convened. We are therefore, concerned only with a thirty day time limitation.

of habeas corpus. (citation omitted)." 456 Pa. at 428, 321 A.2d at 640–41.

Further, contrary to the opinion of the lower court, the fact of appellant's incarceration on pending local charges does not change the applicability of *Commonwealth ex rel. Knowles v. Lester,* supra. Indeed this specific contention, adopted by our Court in *Commonwealth ex rel. Knowles v. Lester,* 223 Pa.Super. 519, 302 A.2d 412 (1973), was rejected by the Pennsylvania Supreme Court in its reversal of our earlier decision.

Appellant was incarcerated for a period exceeding 30 days without the requisition papers from the demanding state being forwarded. We conclude he was entitled to have the writ of habeas corpus issue as the remedy for illegal confinement under the Act.

The order of the lower court is reversed, the writ of habeas corpus is granted, and the detainer filed by the State of New Jersey is dismissed.[4]

WATKINS, President Judge, dissents.

4. We emphasize that the grant of appellant's petition in this case will have no effect on his incarceration on any local charges.