386 A.2d 950

COMMONWEALTH of Pennsylvania ex rel. Drew Kelly COLBERT, Appellant,

v.

Louis AYTCH, Superintendent, Philadelphia County Prisons.

Supreme Court of Pennsylvania.

Argued April 21, 1977.

Decided March 23, 1978.

Benjamin Lerner, Public Defender, John W. Packel, Asst. Public Defender, Steven A. Morley, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Mark Sendrow, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On April 21, 1975, appellant, Drew Kelly Colbert, was arrested in Philadelphia. Appellant's arrest was premised on his alleged participation in the homicide of Clinton Dunn, Jr., of Aiken County, South Carolina. See § 13 of the

Uniform Criminal Extradition Act, Act of July 8, 1941, P.L. 288, § 1, et seq., 19 P.S. § 191.1, et seq. Appellant was preliminarily arraigned and a "thirty day" hearing, as required by § 15 of the Uniform Criminal Extradition Act, *supra*, was scheduled for May 19, 1975. Appellant was ordered detained in the Philadelphia Detention Center. On April 30, appellant's counsel filed a petition to transfer appellant to Pennypack House, a juvenile facility, in light of appellant's age—seventeen.

On May 8, 1975, defense counsel filed a petition to transfer the case to the Family Division of the Court of Common Pleas of Philadelphia. On May 13, the petition to transfer to Pennypack House was granted, but the petition to transfer to the Family Division was denied. On May 19, pursuant to § 15 of the Uniform Criminal Extradition Act, appellant appeared in the Court of Common Pleas of Philadelphia; however, no Governor's Warrant had been received and, therefore, a thirty-day continuance was granted on June 18, 1975. Appellant again appeared in court and a second thirty-day continuance was granted.[1]

On June 26, 1975, appellant filed a "petition to dismiss". The bases of dismissal were:

1. Lack of probable cause for his arrest.

2. Failure to comply with § 15 of the Uniform Criminal Extradition Act.

3. The complaint for extradition was defective.

On July 14, 1975, the above "motion" was dismissed. On July 18, 1975, appellant was "arrested" pursuant to a Governor's Warrant from the State of South Carolina. On July 30, 1975, appellant filed a petition for a writ of habeas corpus. On September 16, 1975, the petition for a writ of

1. Section 17 of the Uniform Criminal Extradition Act provides:
"If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period, not to exceed sixty days, or a judge or magistrate may again take bail for his appearance and surrender, as provided in section 16, but within a period not to exceed sixty days after the date of such new bond. . . ."

habeas corpus was denied and appellant was ordered extradited to South Carolina. On September 17, 1975, appellant appealed the extradition to the Superior Court, and also filed a petition for supersedeas. On October 3, 1975, Superior Court granted appellant's petition for supersedeas, pending disposition of his appeal. On November 22, 1976, the Superior Court affirmed the order of the Court of Common Pleas of Philadelphia, which ordered extradition. On March 29, 1977, this court granted appellant's petition for allowance of appeal.

Appellant argues that the Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, requires that the demand for extradition and supporting documents from the demanding state demonstrates the existence of probable cause to believe that the alleged fugitive committed the crime charged. He contends that the absence of "probable cause" would render an arrest in the asylum state on a Pennsylvania Governor's Warrant illegal. We do not agree.

In *Com. ex rel. Marshall v. Gedney*, 478 Pa. 299, 386 A.2d 942 (1978), a companion case to the instant appeal, we determined that an "extradition arrest" made on the authority of a governor's warrant from the asylum state must be based on probable cause. We continued our analysis in *Marshall*, and held that probable cause for an "extradition arrest" existed, wherein we stated:

> "For an 'extradition arrest,' however, we believe that 'probable cause' exists when the facts available at the time of the initial apprehension in the asylum state which would justify a reasonable man of caution to believe that the individual was the probable person charged with a crime in the demanding state and that state has complied with the statutory requirements of § 3 of the Uniform Criminal Extradition Act."

Our review of the record reveals that all of the statutory requirements exist:

1. An allegation that Drew Kelly Colbert was in South Carolina at the time of the alleged homicide.

2. A copy of the arrest warrant issued on January 9, 1975, by Lester L. Chitty, Magistrate in Aiken County, South Carolina, accompanied by an affidavit by E. H. Boyd, an investigator in the Aiken County Sheriff's office, sworn to before Magistrate Chitty. The warrant charges appellant with the homicide of Clinton Dunn, Jr.

3. The authentication of the charge by the governor of the State of South Carolina.

Finding the statutory requirements of § 3 of the Uniform Criminal Extradition Act to have been met, we are of the opinion that "probable cause" existed for the Pennsylvania "extradition arrest".

Order of the Superior Court affirmed.

ROBERTS, J., files a concurring opinion in which EAGEN, C. J., and NIX, J., join.

POMEROY, J., concurs in the result.

MANDERINO, J., files a dissenting opinion.

ROBERTS, Justice, concurring.

This case does not present to us the serious constitutional question which the majority undertakes to answer: whether relator is entitled to a presentation in this forum of probable cause that he committed the crime with which he is charged before he may be extradited to South Carolina. The evidence in the record is sufficient to establish such probable cause. Thus regardless whether relator's constitutional argument or his proposed constitutionally limited interpretation of the Uniform Criminal Extradition Act, Act of July 8, 1941, P.L. 288, § 1 et seq., 19 P.S. § 191.1 et seq., is correct, he is not entitled to relief. I therefore concur in the result.

EAGEN, C. J., and NIX, J., join in this concurring opinion.

MANDERINO, Justice, dissenting.

For the reasons expressed in my dissenting opinion in *Commonwealth ex rel. Marshall v. Gedney*, 478 Pa. 299, 386 A.2d 942 (1978) I dissent here.