397 A.2d 772

**COMMONWEALTH of Pennsylvania**

v.

**Manfred HUDE, Appellee.**

Supreme Court of Pennsylvania.

Submitted Nov. 14, 1978.

Decided Jan. 24, 1979.

Richard J. Orloski, Asst. Dist. Atty., Allentown, for appellant.

James T. Huber, Allentown, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellee, Manfred Hude, was arrested on drug charges in Lehigh County. He was unable to post bail and was incarcerated awaiting trial. On April 9, 1975, prosecuting authorities from New Jersey filed a detainer against appellee. About three months later on July 3, 1975, appellee filed a petition for habeas corpus as to the detainer contending that the writ should be granted because more than thirty days had elapsed since the detainer was lodged during which period extradition proceedings had not been initiated by the governor of New Jersey. The trial court dismissed appellee's petition. On appeal the Superior Court reversed, granting a writ of habeas corpus and dismissing the detainer lodged by New Jersey prosecutors.

In granting the writ the Superior Court held that the Uniform Criminal Extradition Act, Act of July 8, 1941, P.L. 288, §§ 1–31, 19 P.S. §§ 191.1–31 was applicable and it required a dismissal. *Commonwealth v. Hude*, 242 Pa.Super. 555, 364 A.2d 413 (1976). If that Act is applicable there is no issue before us concerning the propriety of the Superior Court's order and it must be affirmed. A detainer under the Uniform Criminal Extradition Act is valid for only thirty days unless pursuant to certain hearing procedures an extension is granted. No hearing was held in this case to effect an extension.

492

In granting the prosecution's petition for allowance of appeal we limited the appeal to a consideration of two issues. One issue involves the prosecution's standing to prosecute this appeal. The other issue which will be discussed first is whether the Uniform Criminal Extradition Act is applicable to the matter before us or whether, as the prosecution contends, the applicable law is the interstate Agreement on Detainers. Act of September 8, 1959, P.L. 829, No. 324, § 1, 19 P.S. §§ 1431–38. The Uniform Criminal Extradition Act and the Agreement on Detainers are two separate acts both of which have been adopted in Pennsylvania.

█ Under the Extradition Act a detainer must be dismissed if extradition proceedings are not commenced within the required time period. *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974) (writ of habeas corpus granted at the request of defendant who was unable to make bail and was incarcerated awaiting trial when more than thirty days elapsed after an out-of-state detainer was lodged and no extradition proceedings were commenced during the required time.)

The prosecution does not attempt to distinguish *Knowles* which involved a situation exactly the same as the one before us but rather contends that the Agreement on Detainers essentially overlaps the Extradition Act and that out-of-state authorities may proceed under the Agreement on Detainers which Act does not specify any time limits for the validity of the detainer lodged.

█ We reject as other courts have done the prosecution's contention. The appellee in this case was incarcerated *awaiting trial* and not under an imposed sentence of imprisonment following a conviction. Under these circumstances the Agreement on Detainers is not applicable.

The purpose of the Agreement on Detainers is to eliminate "uncertainties which obstruct programs of prisoner treatment and rehabilitation." Agreement on Detainers Act, 19 P.S. § 1431, Art. 1. The Act specifically refers to "a

person [who] has entered upon a term of imprisonment in a penal or correctional institution." 19 P.S. § 1431, Art. 3. The language throughout the Agreement on Detainers Act leaves no doubt that the Act is only applicable and permits detainers under that Act against one already convicted and incarcerated under an imposed sentence. When a detainer is lodged under the Agreement on Detainers Act the appropriate official, under certain circumstances, having custody of the prisoner is to issue a certificate "stating the term of commitment under which the prisoner is held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." 19 P.S. § 1431, Arts. III(a) and IV(b). These references are typical of references throughout the Act to one who is serving a term of imprisonment.

Recently, the United States Court of Appeals for the Third Circuit decided the same issue before us and concluded that the Agreement on Detainers was only applicable to a person incarcerated under a sentence of imprisonment. *United States v. Dobson*, 585 F.2d 55 (3d Cir. 1978). In the case before that court it was held that the Act was not applicable even though the person against whom a detainer was lodged had been convicted and sentenced but was no longer *incarcerated* because parole had been granted. In doing so, that court said:

" . . various courts, both state and federal, have unanimously refused to extend the [Agreement on Detainers] Act. *United States v. Harris*, 566 F.2d 610, 612–13 (8th Cir. 1977); *United States v. Roberts*, 548 F.2d 665, 669–71 (6th Cir.), *cert. denied*, 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 246 (1977); *United States v. Evans*, 423 F.Supp. 528, 531 (S.D.N.Y.) (1976), *aff'd*, 556 F.2d 561 (2d Cir. 1977) (without written opinion); *Seymour v. State*, 21 Ariz.App. 12, 515 P.2d 39 (1973); *Davidson v. State*, 18 Md.App. 61, 305 A.2d 474, 479 (1973); *People v. Butcher*, 46 Mich.App. 40, 45, 207 N.W.2d 430, 433 (1973); *Cresong v. Nevil*, 51 A.D.2d 1096, 381 N.Y.S.2d 355 (1976). In so

doing, [various courts] have recognized, as do we, that a pretrial detainee 'has no immediate interest in any institutional treatment or program of rehabilitation.' *United States v. Harris*, 566 F.2d at 613, *quoting United States v. Roberts*, 548 F.2d at 670–71. This lack of interest obviously stems from the uncertain and contingent nature of a confinement which is dependent both upon the outcome of trial and the imposition of a jail sentence. *See United States v. Harris*, 566 F.2d at 613; *United States v. Roberts*, 548 F.2d at 670–71. In discussing the exclusion of pretrial detainees from the ambit of the Act, Judge Lively, writing for the Sixth Circuit, concluded:

> the Agreement is only concerned that a sentenced prisoner who has entered into the life of the institution to which he has been committed for a term of imprisonment not have programs of treatment and rehabilitation obstructed by numerous absences in connection with successive proceedings related to pending charges in another jurisdiction. There is no indication in the language of the Agreement or in the legislative history that its provisions were intended to apply to persons being detained for trial who are not serving prison sentences.
>
> *Id.* at 671."

*United States v. Dobson*, 585 F.2d at 59.

We agree with the *Dobson* court that the Agreement on Detainers Act is not applicable to persons being detained for trial who are not serving prison sentences. Such persons should not be deprived of the protection afforded by the Uniform Criminal Extradition Act by an unwarranted and unreasonably strained interpretation of the Agreement on Detainers Act.

The prosecution suggests that the conclusion we have reached will somehow "hamstring" the prosecuting authorities of other states who lodge detainers in Pennsylvania. We fail to understand this argument. The Uniform Criminal Extradition Act is available to a person such as the appellee in this case. All that need be done by out-of-state authorities to untie the alleged hamstring is contained in the

Uniform Criminal Extradition Act. There was nothing that prevented compliance with its procedures if New Jersey wished to try the appellee for a crime in New Jersey.

 The other issue in this appeal is whether prosecuting authorities in Pennsylvania have standing to contest the dismissal of the detainer lodged by New Jersey. We conclude that they do. The Agreement on Detainers in effect in Pennsylvania and New Jersey provides:

## Article I.

". . . charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the *proper status of any and all detainers* based on untried indictments, informations or complaints. *The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedure.* It is the further purpose of this agreement to provide such cooperative procedures." (Emphasis added.)

19 P.S. § 1431.

There is no doubt that a proceeding which determines the validity of a detainer qualifies as a "determination of the proper status of any and all detainers." The duty to effectuate the purpose of the Agreement is imposed under the terms of the Agreement upon the employees of the party states, and that section of this Agreement provides:

"All courts, departments, agencies, officers and employes of this Commonwealth and its political subdivisions are hereby directed to enforce the Agreement on Detainers and to cooperate with one another and with other party states in enforcing the agreement and effectuating its purpose." 1959, Sept. 8, P.L. 829, No. 324, § 3.

Furthermore, in order to effectuate the purpose of the Agreement, the terms of the Agreement are to be liberally construed. P.S. § 1431, Art. IX. From the language of this Agreement it is clear that the receiving state (New Jersey) and the sending state (Pennsylvania) as parties to this Compact are to cooperate with each other in reference to proceedings on "such charges and detainers."

Even though we hold that the Agreement on Detainers is not applicable to the appellee, the standing of Pennsylvania is not determined by our result but rather by the issue raised by Pennsylvania in this proceeding. Pennsylvania contended that the Agreement on Detainers Act controlled. That determines standing even though the contention is rejected. To the extent that appellant's brief suggests other issues we note that these issues are not properly before us since our order granting this appeal was limited to the two issues considered.

The order of the Superior Court is affirmed.

O'BRIEN, J., and POMEROY, former J., did not participate in the decision of this case.