## O'Connor v. Cole

*Thomas M. Place,* for petitioner.
*Kevin A. Hess, First Assistant District Attorney,* for Commonwealth.

SHUGHART, *P.J.,* October 21, 1980—Petitioner is an inmate at the State Correctional Institution at Camp Hill under sentence from Centre County. The State's Attorney for Cecil County, Maryland, has lodged a detainer against petitioner and seeks temporary custody of the petitioner pursuant to Article IV, Judicial Code, 42 Pa.C.S.A. §9101 et seq. (hereinafter Agreement on Detainers), for disposition of certain criminal complaints filed against the petitioner in Cecil County. The charges on which the detainer and request are based were apparently lodged on November 7, 1975.

Petitioner in a pro se application and his counsel in the brief filed urge this court to dismiss the detainer because of a lack of diligence in prosecuting

234

the charge on the part of Cecil County or, in the alternative, to enter an order preventing the transfer of the petitioner to Cecil County because Cecil County has not complied with the Uniform Criminal Extradition Act, 42 Pa.C.S.A. §9121 et seq.

It is apparent from the Agreement on Detainers that this court cannot dismiss the detainer lodged by Cecil County. Article IV(a), 42 Pa.C.S.A. §9101 et seq., provides: "The appropriate officer of [a] jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer . . . made available . . . upon . . . a written request for temporary custody. . . ." In the case at bar, there are pending charges in Cecil County, a detainer has been lodged by Cecil County authorities, and a written request for temporary custody of the petitioner has been made. It must therefore be concluded that the Cecil County authorities are entitled to temporary custody of petitioner.

Article IV(a) does provide a way in which temporary custody may be avoided, but it is not through an action in this court. The latter portion of Article IV(a) states: ". . . [T]here shall be a period of 30 days after receipt by the appropriate authorities before the request be honored, within which period *the Governor of the sending state may disapprove the request for temporary custody* or availability; either upon his own motion or motion of the prisoner." (Emphasis supplied.)

By the very terms of Article IV(a), the governor of the sending state may deny a request for temporary custody, but even the governor does not have the authority to dismiss a detainer. Although the purpose of the Agreement on Detainers is "to encour-

age the expeditious and orderly disposition" of outstanding charges, the act does not give a sending state the authority to dismiss a detainer filed by a party state either through the courts or through the governor's office. Petitioner asserts that Com. v. Hude, 483 Pa. 489, 397 A. 2d 772 (1979), gives this court the authority to dismiss the detainer. Hude merely stands for the proposition that the Agreement on Detainers does not apply to persons being detained for trial who are not actually serving a prison sentence. Consequently, Hude is not controlling of the issue before us. In short, petitioner's application for dismissal of the detainer on the grounds of a lack of diligence is a matter which should be addressed to the Maryland court having jurisdiction of the charges.

Petitioner argues in the alternative that this court should enter an order preventing his transfer to Cecil County because the Uniform Extradition Act has not been complied with. This presupposes that one is entitled to a hearing when a party state relies on Article IV of the Agreement on Detainers. Unfortunately, the authority on this point is unsettled. In Adams v. Cuyler, 592 F. 2d 720 (3d Cir. 1979), the court held that when a party state seeks temporary custody of an individual in accordance with Article IV of the Agreement on Detainers the individual is entitled to the rights under existing extradition acts—i.e., a hearing. On the other hand, in Com. ex rel. Coleman v. Cuyler, 261 Pa. Superior Ct. 274, 396 A. 2d 394 (1978), our Superior Court in the same case held that there is no requirement that a hearing be held.

In the case at bar, we need not address the hearing issue because we have already heard the case. Consequently, without actually deciding, we will

proceed as if petitioner were in fact entitled to an extradition hearing. At the hearing held on September 8, 1980 it was established that petitioner is charged with a crime in Maryland, that he was present in Maryland when the offense occurred, that he is a fugitive from the State of Maryland, and that the Article IV request papers are in order. These facts alone justify the extradition of the petitioner. See Com. ex rel. Simpson v. Aytch, 247 Pa. Superior Ct. 348, 372 A. 2d 861 (1977); see also section 9124 of the Uniform Criminal Extradition Act. Consequently petitioner's contention that the court should enter an order preventing his transfer to Cecil County must be rejected.

### ORDER

And now, October 21, 1980, for the reasons appearing in the opinion filed this date the petition for a writ of habeas corpus is hereby denied.