435 A.2d 872

**COMMONWEALTH of Pennsylvania,**

v.

**Milton QUACKENBUSH, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed Sept. 25, 1981.

John Kocsis, Athens, for appellant.

Leonard Frawley, District Attorney, Towanda, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

The defendant appeals from an order directing his extradition to New York. He argues, one, that his confinement in jail for more than thirty days without a hearing to extend his confinement violated the Uniform Criminal Extradition Act, 42 Pa.C.S.A. §§ 9136, 9138; and, two, that the Commonwealth failed to establish that the defendant was the person sought by New York for extradition. We affirm.

On November 5, 1979, the defendant was imprisoned in Bradford County in lieu of $10,000 bail on charges of rape, involuntary deviate sexual intercourse, indecent assault, and terroristic threats. Sometime before December 19, a detainer from New York was lodged against him. This detainer is

dated November 16, 1979 by the New York authorities, but the date that it was received by the Bradford County authorities does not appear on the record. On December 19 the Pennsylvania charges which were pending against the defendant were "dismissed by the district attorney" before the preliminary hearing on those charges was to be held.

On December 20 the defendant filed a petition for a writ of habeas corpus; and the lower court issued the writ and ordered a hearing for the next day. Later on December 20 based upon the detainer a complaint was filed charging the defendant with being a fugitive from justice. A preliminary arraignment was held that same day and in lieu of bail the defendant was held in confinement.

At the habeas corpus hearing on December 21 the defendant contended that he was illegally confined from the time the local charges had been dismissed on December 19 until the time the writ of habeas corpus was issued on December 20. The lower court denied the petition for a writ of habeas corpus.

On January 7, 1980 defendant filed his second petition for a writ of habeas corpus. A hearing was held on this matter on January 15, 1980. The defendant contended that in contravention of 42 Pa.C.S.A. § 9136 he was held for more than thirty days. On January 18, 1980 the Commonwealth filed a petition to continue the defendant's confinement pending receipt of the extradition paper; a hearing was held on this petition on January 21, 1980. On January 25 the lower court denied the petition for habeas corpus and granted the Commonwealth's petition to continue the defendant's confinement.

On February 8 after an extradition hearing was held and the Governor's warrant was served, the lower court ordered the defendant to be extradited. The lower court refused to stay its order, but this court granted a stay pending appeal.

 Under the Uniform Criminal Extradition Act an accused may be committed to jail for up to thirty days to allow his arrest on Governor's warrant pursuant to a request

by the demanding state. 42 Pa.C.S.A. § 9136. If the accused is not arrested under the Governor's warrant within the initial thirty day period, he may be recommitted for a further period not to exceed sixty days. 42 Pa.C.S.A. § 9138. Although the statute, 42 Pa.C.S.A. § 9138, does not expressly require a hearing before an accused may be recommitted for another period of up to sixty days, our case law has imposed such a requirement. *See Commonwealth ex rel. Colbert v. Aytch*, 246 Pa.Super. 278, 369 A.2d 1321 (1976) *affd.* 478 Pa. 314, 386 A.2d 950 (1978); *Commonwealth v. Murphy*, 236 Pa.Super. 37, 344 A.2d 662, 664 (1975), *allocatur denied.* Furthermore, even though the alleged fugitive may already be in custody on other charges, the lodging of a detainer commences the period under the Uniform Criminal Extradition Act.[1] *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974).

Instantly the defendant argues that he should be discharged because the Commonwealth's petition to extend the defendant's confinement was not filed within thirty days of the time the detainer was lodged. The record is not clear as to when the detainer was lodged with the Bradford County authorities. The record does show that the detainer was signed by New York authorities on November 16, 1979. However, the Bradford County warden did not know the exact date it was received; he could only testify that it was received "within a very short space of time" after November 16, 1979. N.T. January 15, 1980, 2. Because of the indefinite nature of the evidence on this matter the lower court judge found that it was filed before December 19, 1979. Lower Court Order January 25, 1980. For purposes of analysis we will assume that the detainer was filed with the Bradford County authorities on November 17, 1979. Thus the initial thirty day period would elapse on December 17, 1979. By December 17, 1979 no hearing had been held to extend the defendant's confinement. However, on December 20 the defendant was arraigned and on December 21 in

---

1. In the lower court the Commonwealth argued that the statutory period commences when the defendant was brought before the magistrate on the fugitive warrant.

response to defendant's petition for habeas corpus, a hearing was held. In our view that hearing satisfied our case law requirement that a hearing be held to recommit the defendant for a further period of up to sixty days.

Title 42 Pa.C.S.A. § 9138 provides:

> If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, a judge or issuing authority may discharge him or may recommit him for a further period, not to exceed 60 days, or a judge or issuing authority may again take bail for his appearance and surrender, as provided in section 9137 (relating to bail), but within a period not to exceed 60 days after the date of such new bond.

Thus under 42 Pa.C.S.A. § 9138 if an accused is not arrested under a Governor's warrant, the judge or issuing authority may discharge him, recommit him, or continue his bail.

At the habeas corpus hearing held on December 21 defense counsel was present. The hearing disclosed that the defendant had been held in jail since November 5 on local charges of rape, involuntary deviate sexual intercourse, indecent assault and terroristic threats; that these charges were dismissed on December 19; and that on December 20 defendant was arraigned on charges of being a fugitive from justice based on information which was received from New York authorities before December 19. During the hearing defense counsel moved to reduce bail.

Thus at the hearing held on December 21, the judge knew the period of time the defendant had spent in jail, the reasons for his confinement, and that he had been arraigned on a charge of being a fugitive from New York based on information received from New York. It was clear that the defendant had not yet been arrested on a Governor's warrant. Moreover, the judge considered whether to discharge the defendant, continue his confinement or reduce his bail. Because of the evidence adduced at the hearing and the judge's awareness of the available alternatives, i. e., discharge, continued confinement, and reduction of bail, we

hold that the hearing of December 21 satisfied the requirement that a hearing be held to recommit the defendant. Moreover we hold that although, as we have assumed above, the hearing may not have been held within thirty days of the time the detainer was lodged, since it was held at the latest within thirty-four days of the time the detainer was lodged, the defendant may not be discharged for lack of a timely hearing. We so hold because as in other cases there has been substantial compliance with the Uniform Criminal Extradition Act. *Commonwealth ex rel. Osburn v. Haas,* 439 Pa. 341, 268 A.2d 85 (1970); *Commonwealth ex rel. Myers v. Case,* 250 Pa.Super. 242, 378 A.2d 917 (1977); *Commonwealth ex rel. Simpson v. Aytch,* 247 Pa.Super. 348, 372 A.2d 861 (1977); *Commonwealth v. Murphy,* 236 Pa.Super. 37, 344 A.2d 662 (1975) *allocatur denied.*

In *Commonwealth ex rel. Myers v. Case, supra,* the lower court discharged the accused because the Governor's warrant had not been served within ninety days, the maximum time for confinement under the Uniform Criminal Extradition Act. 42 Pa.C.S.A. §§ 9136, 9138. On appeal this court reversed and ordered extradition. The accused had been arrested on local charges and was subsequently charged with being a fugitive from justice. He was arrested and arraigned on the fugitive charge and New Jersey lodged a fugitive detainer against him with Pennsylvania authorities. A Governor's warrant was received within the ninety day period, but since the accused was serving a sentence on the local charges at that time, the warrant was not executed. After the accused was paroled, however, the Governor's warrant was executed; this was fifteen days after the ninety day period had elapsed. In reversing the lower court we stated:

it is apparent that the Commonwealth's failure to execute the Governor's Warrant was not an "oversight." The Commonwealth deliberately failed to act until after the relator had been paroled on his local sentence. However, the execution of the Governor's Warrant still occurred within fifteen days after the expiration of the ninety day

period. Certainly, in view of the safeguards afforded the relator, this violation of the Act can only be classified as technical.

*Commonwealth ex rel. Myers v. Case, supra* 250 Pa.Super. at 248, 378 A.2d at 920 (footnote omitted). We also stated that "technical or formal objections will not invalidate an extradition proceeding" and that substantial compliance with the statute would be sufficient. *Id.,* 250 Pa.Super. at 246, 378 A.2d at 919.

Thus, *Myers* permitted extradition even though the Governor's warrant was executed fifteen days beyond the maximum ninety day period provided by statute. Unlike *Myers* the instant case does not involve a period beyond the maximum ninety day period rather it involves four days beyond the initial thirty day period provided by statute. Since *Myers* permitted extradition fifteen days after the maximum period had elapsed, we hold that the lapse of four days after the initial statutory period does not bar extradition under the circumstances of the instant case. This is especially true since under other circumstances we have permitted extradition when the 42 Pa. C.S.A. § 9138 hearing was held two days beyond the initial thirty day period. *Commonwealth v. Murphy,* 236 Pa.Super. 37, 344 A.2d 662 (1975) *allocatur denied* (involving 19 P.S. § 191.17, the predecessor to 42 Pa. C.S.A. § 9138).

We recognize that there are cases which have refused to allow extradition when the statute has not been complied with. Those cases, however, are different from the instant case. For example in some cases more than ninety days had elapsed before there was even an arraignment on the fugitive charges. *Commonwealth v. Hude,* 483 Pa. 489, 397 A.2d 772 (1979) (defendant had not been arraigned, *see* Superior Court opinion, 242 Pa.Super. 555, 364 A.2d 413, 419 (1976)); *Commonwealth ex rel. Knowles v. Lester,* 456 Pa. 423, 321 A.2d 637 (1974); *Commonwealth ex rel. Coffman v. Aytch,* 238 Pa.Super. 584, 361 A.2d 652 (1976); *Commonwealth v. Woods,* 229 Pa.Super. 473, 326 A.2d 626 (1974). In *Commonwealth v. McCaine,* 218 Pa.Super. 274, 275 A.2d 867 (1971), more than sixty-three days had elapsed before any type of

hearing was held and since the hearing required by the existing statute 19 P.S. § 191.14 (now 42 Pa. C.S.A. § 9135) had not been held the extradition order was reversed.

Additionally we note that even if the defendant should have been released from custody for lack of an extension hearing under 42 Pa. C.S.A. § 9138 within thirty days, the defendant could still be extradited pursuant to a Governor's warrant. *Commonwealth ex rel. Berry v. Aytch*, 253 Pa.Super. 312, 317, 385 A.2d 354, 356 (1978); *Commonwealth ex rel. McCaine v. Gedney*, 237 Pa.Super. 499, 500, 352 A.2d 72, 73 (1975); *Commonwealth ex rel. Douglass v. Aytch*, 225 Pa.Super. 195, 310 A.2d 313 (1973); Uniform Criminal Extradition and Rendition Act, § 2–104, 11 Uniform Laws Annotated (1981 pocket supplement).

Defendant also argues that the Commonwealth failed to properly identify him as the subject charged with a crime in the demanding state. In *Commonwealth v. Rowe*, 264 Pa. Super. 67, 398 A.2d 1060 (1979), we stated:

in every extradition proceeding "the relator has an absolute right to require that his identity as the person named in the Extradition Requisition be established and proved by the weight of credible evidence." *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 136, 228 A.2d 742, 744 (1967). Because the guilt or innocence of the accused is not in question, however, *Commonwealth ex rel. Edgar v. Davis, supra*, the Commonwealth's burden is not measured against the "beyond a reasonable doubt" standard, but merely against the "preponderance of the evidence" standard. "[C]ompetent evidence to establish reasonable ground is not necessarily evidence sufficient to convict, nor only such as can pass technical rules governing the admissibility of evidence in criminal trials." *United States ex rel. Vitiello v. Flood*, 374 F.2d 554, 557 (2d Cir. 1967), *quoting United States ex rel. Klein v. Mulligan*, 50 F.2d 687, 688 (2d Cir. 1931).

*Id.*, 264 Pa.Super. at 70, 398 A.2d at 1061–62.

Moreover, in *Commonwealth v. Kulp*, 225 Pa.Super. 345, 310 A.2d 399 (1973) *allocatur denied*, we stated:

> Given the summary nature of interstate rendition proceedings, an accused is not entitled to receive the full panoply of procedural protections normally accorded to a defendant in a criminal trial. *United States ex rel. Vitiello v. Flood*, 374 F.2d 554, 557 (2 Cir. 1967); *Luker v. Koch*, 489 P.2d 191 (Colo.Sup.Ct., 1971); *Commonwealth v. Glavin*, 354 Mass. 69, 235 N.E.2d 547 (1968). Thus, statements allegedly given by the subject of an extradition proceeding in violation of his constitutional rights, *United States v. Flood*, supra, and evidence which has allegedly been illegally seized. *Martin v. Maryland*, 287 A.2d 823, 828 (D.C.Ct.Apps.1972) may be introduced at an extradition hearing. Courts in asylum states will not consider issues which are best raised at trial. *Martin v. Maryland*, supra. This does not mean that constitutional violations are to be ignored at an extradition proceeding. The manner in which evidence has been obtained will have a bearing on the weight which the court accords to it in an extradition proceeding. See *United States v. Flood*, supra, 374 F.2d at 558.

*Id.*, 225 Pa.Super. at 348, 310 A.2d at 400.

We have also permitted hearsay testimony in extradition proceedings. *Commonwealth ex rel. Pizzo v. Aytch*, 273 Pa.Super. 55, 60, 416 A.2d 1086, 1089 (1979); *Commonwealth v. Rowe, supra; Commonwealth v. Murphy, supra.*

■ Instantly, the Commonwealth presented only one witness, a New York detective, to prove the defendant was the subject charged with a crime in the demanding state; no testimony was presented by the defense. The witness testified that the victim identified the defendant in his presence, that the victim selected the defendant's photograph from a group of eight photographs and that the defendant admitted that on the relevant date he was in the area in which the victim alleges the incident had occurred. Defendant argues that when the witness identified the defendant, he did so in response to a suggestive question by the district attorney.

Although it is true that the district attorney's question was suggestive, we do not agree, as the defendant contends, that it tainted the witness's testimony. We find that the witness's testimony was supported by his first hand knowledge of statements made by the defendant and the victim and by the photographs selected by the victim; it was not the product of the district attorney's suggestive question.

The defendant's argument that the victim's identification of the defendant in person and through the photographs was impermissibly suggestive is not persuasive, in light of the defendant's statements to the witness and in light of the Commonwealth's burden to prove identity only by a preponderance of the evidence.

■■■ Finally the defendant's argument that the Commonwealth's evidence is somehow insufficient since it did not choose to have the victim testify although she was in a room adjacent to the courtroom has no merit. As we have previously stated in this opinion, hearsay testimony is admissible. *Commonwealth ex rel. Pizzo v. Aytch, supra; Commonwealth v. Rowe, supra; Commonwealth v. Murphy, supra.* Moreover, we have previously held hearsay testimony was properly considered even though the hearsay declarant was in the vicinity of the courtroom. *Commonwealth v. Rowe, supra,* 264 Pa.Super. at 72 n.2, 398 A.2d at 1062 n.2. Thus, we conclude that the evidence was sufficient to prove the defendant was the subject charged with a crime in the demanding state.

Order of the lower court ordering extradition is affirmed. The Superior Court's supersedeas order is hereby vacated.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent for the reasons set forth in my Dissenting Opinion in the case of *Commonwealth ex rel.*

*Lewis Quackenbush v. Warden of the Bradford County Jail,*
(J. 1251/80), 291 Pa.Super. 358, 435 A.2d 1266 (1981).