Dwight Arnold CAMP, Appellee,

v.

UNITED STATES of America,
Appellant.

No. 78–1406.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1978.

Decided Dec. 1, 1978.

Henry E. Davis, Atty., Sp. Litigation Section, Crim. Div., Dept. of Justice, Washington, D. C., for appellant; John C. Keeney, Acting Asst. Atty. Gen., and George W. Calhoun, Washington, D. C., on the briefs.

Robert T. Dawson, Hardin, Jesson & Dawson, Fort Smith, Ark., for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

This is an appeal from an Order of the District Court for the Western District of Arkansas[1] vacating petitioner's sentence and conviction because of the Government's violation of Article IV(e) of the Interstate Agreement on Detainers (hereinafter "IAD"), 18 U.S.C.App. § 2.[2] The District Court stayed its Order pending this appeal. We reverse and remand with instructions to reinstate petitioner's conviction.

Petitioner Camp was convicted of robbery in June 1973 in an Arkansas state court and was sentenced to ten years. In August 1973, while in the custody of the Arkansas Department of Correction, petitioner was indicted in the Western District of Arkansas on charges of robbing a post office, 18 U.S.C. § 2114. A detainer based on that indictment was lodged with the Arkansas Department of Correction. Subsequently, a writ of habeas corpus *ad prosequendum* was issued, requiring the United States Marshal to produce petitioner in the District Court for the Western District of Arkansas on September 14, 1973. Petitioner was transferred to Federal custody on that date and on September 17, 1973, entered a plea of not guilty. He was thereafter returned to State custody.

On November 5, 1973, petitioner was again transferred from State to Federal custody pursuant to a writ of habeas corpus *ad prosequendum* to stand trial. At that time he withdrew his plea of not guilty and entered a guilty plea. He was returned to State custody on November 7, 1973. On November 28, 1973, the District Court issued a third writ of habeas corpus *ad prosequendum* to produce the petitioner for sentencing on December 7, 1973. On that date petitioner was sentenced to a term of twenty-five years under the provisions of 18 U.S.C. § 4208(a)(1), with five years fixed as the time after which petitioner could become eligible for parole. Petitioner was then returned to the Arkansas Department of Correction to complete service of his State sentence.

More than three years later, on January 10, 1977, petitioner through counsel filed a motion to vacate sentence and judgment of conviction in the Western District of Arkansas. Although no jurisdictional basis for the motion was stated, the motion was apparently made pursuant to 28 U.S.C. § 2255. As grounds for the relief requested, petitioner alleged that the Federal Government had violated the IAD by taking him into Federal custody and returning him to State custody without having brought him to trial. The District Court filed its Order vacating petitioner's sentence and conviction on May 1, 1978, and this appeal followed.

Between the time the appeal was noticed and the time it was heard, one other event of arguable significance for purposes of this case transpired. On May 23, 1978, the United States Supreme Court handed down its decision in *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). In that decision, the Supreme Court for the first time held explicitly that the use of a writ of habeas corpus *ad prosequendum* to secure the presence of a State prisoner in Federal court would trigger the provisions of the IAD where a detainer had previously been lodged against the prisoner.

The United States advances three arguments on appeal in support of its contention

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Terry L. Shell, United States District Judge.

2. IAD Article IV(e) provides:
   If a trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

that the Order of the District Court vacating petitioner's conviction should be overturned and the conviction reinstated. The Government contends, first, that petitioner's plea of guilty waived any claims with respect to a violation of the IAD; second, that a violation of Article IV of the IAD is not cognizable in any event under 28 U.S.C. § 2255; and, third, that the Supreme Court's holding in *U. S. v. Mauro, supra,* represents a change in the law previously applied in this Circuit and, as such, *Mauro* should not be applied retroactively.[3] Because we find the Government's first argument to be dispositive, we need not consider the other two.

■ It is well settled that a valid guilty plea operates as a waiver of all non-jurisdictional defects or errors. *Weisser v. Ciccone,* 532 F.2d 101, 104 (8th Cir. 1976); *United States v. Lee,* 500 F.2d 586, 587 (8th Cir.), *cert. denied,* 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974). Petitioner Camp, however, asserts that Article IV(e) of the IAD is jurisdictional since it provides that if a State prisoner is returned to State custody prior to trial on a Federal indictment, the Federal indictment loses all "force or effect" upon transfer of the prisoner back to the State. Thus, according to petitioner, a violation of Article IV(e) leaves the trial court without jurisdiction to determine the merits of the case or to impose sentence in regard to the Federal indictment.

■ In regarding Article IV(e) as jurisdictional, petitioner misconceives the nature of the provisions of the IAD. Jurisdiction is essentially the power or authority conferred upon a court to decide a given type of case. *Hagans v. Lavine,* 415 U.S. 528, 538, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In the instant case, the United States District Court for the Western District of Arkansas derived its power to adjudicate the case against petitioner Camp from 18 U.S.C. § 3231 which provides in pertinent part:

> The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States.

Robbery of a United States post office, the offense for which petitioner was convicted, is an "offense against the laws of the United States" under 18 U.S.C. § 2114. Therefore, the district court unquestionably had jurisdiction over petitioner's offense.[4]

■ Under certain circumstances it is conceivable that a right might be deemed of such fundamental importance that its violation would effectively deprive a court of the "jurisdiction" or authority to entertain a guilty plea while leaving otherwise unaffected the court's general jurisdiction over the offense charged. *See United States v. Palmer,* 574 F.2d 164, 167 (3d Cir.), *cert. denied,* 437 U.S. 907, 98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978). The Supreme Court, however, has indicated that even such constitutionally derived rights as the right to suppress an allegedly inadmissible confession at trial and the right to dismissal of an improperly constituted grand jury are waivable by a voluntary plea of guilty. *McMann v. Richardson,* 397 U.S. 742, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458,

3. The Government cites *United States v. Harris,* 566 F.2d 610 (8th Cir. 1977) for the proposition that in this Circuit prior to *Mauro,* use of a writ of habeas corpus *ad prosequendum* to obtain Federal custody of a State prisoner would not trigger the IAD even where a detainer was also lodged against the prisoner. In *Harris,* while it is clear that a detainer was lodged, it is unclear whether the detainer was lodged before or after the writ issued. 566 F.2d at 612 n.3.

4. The sanctions contained in IV(e) of the IAD go not to the authority or jurisdiction of the court but rather to the power of the prosecution to proceed against a person charged with a criminal offense. It is a well settled rule that a formal accusation is an essential condition precedent to a valid prosecution for a criminal offense. If Article IV(e) is violated and the indictment therefore loses its "force or effect," the condition precedent is unsatisfied and the prosecution is technically precluded from proceeding further. The sanction of dismissal with prejudice contained in Article IV(e), then, is a relatively severe sanction designed to compel prosecutorial compliance with the procedures set forth in the IAD. It is, however, a sanction without effect on the jurisdiction of the district court.

25 L.Ed.2d 785 (1970); and *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 233, 34 L.Ed.2d 172 (1973). *Cf. Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Federal habeas corpus relief not available to state prisoner who failed to make timely objection to use of allegedly inadmissible evidence at trial); *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (failure of defendant to make timely objection to standing trial in prison clothing precluded court from granting relief). In light of these decisions, it cannot be said that the statutory rights defined in the IAD—which clearly are not derived from the Constitution—are so fundamental as to preclude acceptance by a court of a voluntary plea of guilty. Accordingly, we hold that a violation of Article IV(e) of the IAD is a non-jurisdictional error and, as such, is waivable by a criminal defendant.

We note for the record that other courts when confronted with this issue have reached a similar result. *See, e. g., United States v. Palmer, supra* at 167 (". . . the violation of a statutory provision such as Article IV(e) is not sufficiently important to deny a court jurisdiction to entertain a guilty plea where the defendant fails to raise the issue in a timely manner"); *United States v. Ford,* 550 F.2d 732, 742 (2d Cir. 1977), *aff'd sub nom. United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978) ("The provision [Art. IV(e)], . . . which is intended to avoid the disruption in a prisoner's rehabilitation occasioned by repeated transfers between jurisdictions, is thus for his benefit and is waivable"); *Strawderman v. United States,* 436 F.Supp. 503, 504 (E.D.Va.1977) ("Assuming there was a violation of the Agreement, that violation is only statutory, not rising to constitutional propositions. Accordingly, petitioner's claim is deemed to be waived by the entry and acceptance of his guilty plea . . . .")

■ Petitioner Camp maintains finally that, in any event, he cannot be said to have waived a right of which he was not aware. The Supreme Court disposed of this argument in *Schneckloth v. Bustamonte,* 412 U.S. 218, 237, 93 S.Ct. 2041, 2052, 36 L.Ed.2d 854 (1973), however, when it observed:

> Almost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial.

As we have indicated, the IAD amounts to nothing more than a statutory set of procedural rules which clearly do not rise to the level of constitutionally guaranteed rights. *Cf. Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Moreover, the sanctions contained in Article IV(e) of the IAD have nothing to do with preserving a fair trial but are instead intended only to prevent excessive interference with a prisoner's rehabilitation in the state prisoner system. *See United States v. Ford, supra* at 742. Accordingly, based on the above analysis, the judgment of the District Court is reversed and the case remanded with instructions to reinstate the conviction of petitioner Camp.