68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Bennie WILSON, also known as Bennie Whalen, Appellant.
 No. 95-1961.
 United States Court of Appeals, Eighth Circuit.
 Oct. 13, 1995.
 
 Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bennie Wilson was charged with possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988). When he was arrested in a St. Louis residence, Wilson was found seated on a bed next to a plastic bag containing approximately 120 rocks of cocaine base.
 
 
 2
 Just prior to jury selection, the District Court made a record of certain matters that the parties raised in limine. Wilson's counsel indicated his intention to present evidence regarding Wilson's father's prior drug trafficking--specifically, the father's two arrests for possession of cocaine base several months before Wilson's arrest. The government moved in limine to exclude this evidence. The District Court[1] granted the government's motion in limine. When Wilson's attorney asked whether he would be precluded from mentioning during his opening statement that, at the time of Wilson's arrest, he had been sitting on his father's bed, in his father's bedroom and in his father's house, the District Court noted that it would review the case law and issue a final ruling at a later time. Subsequently, without this final ruling having been made, Wilson pleaded guilty to the charge of possession of cocaine base with intent to distribute. The District Court sentenced him to 140 months of imprisonment and imposed a five-year term of supervised release. Wilson appeals. We affirm.
 
 
 3
 Wilson's sole argument on appeal is that the District Court deprived him of his constitutional right to due process through its ruling on the government's motion in limine and its non-ruling on his attorney's query regarding the permissible scope of his opening statement. This argument, however, is of no avail to Wilson, for it is precluded by Wilson's knowing and voluntary plea of guilty. A defendant's valid guilty plea "operates as a waiver of all non-jurisdictional defects or errors." United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir.) (quoting Camp v. United States, 587 F.2d 397, 399 (8th Cir.1978), cert. denied, 114 S.Ct. 1858 (1994). See also United States v. Broce, 488 U.S. 563, 569 (1989) (noting that defendant who has pleaded guilty may attack conviction on double jeopardy grounds if trial court had "no power to enter the conviction or impose the sentence"); Weisberg v. Minnesota, 29 F.3d 1271, 1279 (8th Cir.1994) (finding that technical defect in criminal complaint was not jurisdictional defect and thus defendant's knowing and voluntary plea barred successful appeal), cert. denied, 115 S.Ct. 935 (1995). Wilson argues neither a double jeopardy claim nor a jurisdictional defect. Hence, Wilson's due process claim is barred. We need not and do not address the issue of whether the District Court's pretrial ruling was an abuse of discretion because Wilson's valid guilty plea operates as a complete waiver of all non-jurisdictional defects. Having entered a knowing and voluntary plea, Wilson cannot now complain that the District Court's pretrial rulings deprived him of due process of law.
 
 
 4
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri