108 F.3d 1382
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Bennie MANDINA, Appellant.
 No. 96-2379.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Jan. 16, 1997
Filed: March 5, 1997
 
 Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court[1] in this case entered judgment against Bennie Mandina on a guilty plea and he now appeals, arguing that certain pre-trial motions of his were wrongly denied and that he should be allowed to withdraw his plea because it was coerced.
 
 
 2
 Mr. Mandina pleaded guilty in open court to the charges for which he was sentenced. By doing so, he forfeited his right to appeal pre-trial rulings. Camp v. United States, 587 F.2d 397, 399 (8th Cir.1978). Mr. Mandina could have sought the consent of the government and the approval of the court to enter a conditional plea under Fed.R.Crim.P. 11(a)(2), but he did not.
 
 
 3
 We are, moreover, unable to afford Mr. Mandina any relief on his request that he now be allowed to withdraw his plea. A claim that a plea was involuntary must first be addressed to the district court which entered judgment on it. United States v. Murphy, 899 F.2d 714, 716 (8th Cir.1990); see also Fed.R.Crim.P. 32(e). Mr. Mandina made no motion to withdraw his plea before the district court and therefore the question of the voluntariness of the plea is not before us.
 
 
 4
 We therefore affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri