## CIRCUIT COURT OF WARREN COUNTY

James Clark

v.

Michael C. Scheulen et al.

August 26, 2004

Case No. (Law) 04-122

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendants' demurrer to trespass and nuisance actions filed against them because they intentionally capped a sewer line which ran from an adjoining lot to a septic field which had been mistakenly constructed on their lot. Upon consideration of the argument of the parties, the Court has made the following decision to sustain the demurrer as to the trespass and nuisance actions for loss of use of the residential septic system, but to overrule the demurrer as to the new trespass allegation that the Defendants actually went onto the Plaintiff's lot without permission incident to their capping his sewer line and moved his propane tank.

### I. Statement of Material Facts

The following facts are pleaded in the motion for judgment or stated in the Plaintiff's Brief in Opposition to Demurrer.

In 1998 the Plaintiff purchased a house in a large subdivision in Warren County whose sewer discharges into a septic field which is located on an adjoining lot owned by the Defendants. The septic system was installed in 1986.

The Defendants purchased the lot adjoining the Plaintiff's and, in 2003 in the course of excavating, discovered that a portion of the Plaintiff's septic system was on their lot.

In the fall of 2003, the Warren County Health Department advised the Plaintiff that a portion of his septic system was located on the Defendants' lot

and that he would have to remove it. On October 15, 2003, the Health Department issued the Plaintiff a permit to relocate his septic field. This initial permit required that the work be accomplished by December 15, 2003. On December 15, 2003, the Health Department granted the Plaintiff a thirty day extension to complete the work.

The Defendants "cut and capped the line from Plaintiff's house on lot 50 which ran to the septic tank, causing raw sewage and effluent to back up into the Plaintiff's house on January 12, 2004." Motion for Judgment, par. 9.

The Plaintiff has filed a trespass action against the Defendants alleging that the "cutting and capping the line from Plaintiff's house causing raw sewage and effluent to back up into Plaintiff's home constituted an unauthorized entry and invasion onto Plaintiff's property. . . ." Motion for Judgment, par. 11.

While not alleged in his Motion for Judgment, the Plaintiff's Brief in Opposition to the Demurrer alleges that the Defendant trespassed on Plaintiff's land while capping the line, and also moved Plaintiff's propane tank while trespassing on Plaintiff's land. In the interest of judicial economy, the Court will consider this new allegation as a bill of particulars to the initial trespass count.

The Plaintiff has also filed a nuisance action against the Defendants alleging that "causing raw sewage to back up into Plaintiff's home endangered the life and health of Plaintiff and his family, obstructed the reasonable and comfortable use of Plaintiff's property ... and as such, constitutes a nuisance." Motion for Judgment, par. 13.

The Defendants have demurred to both counts.

## II. *Conclusions of Law*

A person has no legal right to use another person's land absent an express agreement or an implied or prescriptive right. No such right is alleged in this case. Since the septic system has been in place less than twenty years, the Plaintiff has no prescriptive right to use the Defendants' lot absent the Defendants' consent. *See Willis v. Magette*, 254 Va. 198, 200-01, 491 S.E.2d 735 (1997).

Misplaced improvements are fertile ground for litigation. In the absence of a betterment statute providing for a remedy, persons who mistakenly improve real property generally may not recover for the value of the improvements or the value of their work expended on the mistakenly placed improvements. "By the rigid rule of the common law, whoever puts improvements on real property [without consent] does so at his own peril." 41 Am. Jur. 2d, *Improvements*, § 5; *see generally* Dan B. Dobbs, *The Law of Remedies* (2d ed. 1993),

§ 4.9(5). Conversely, the owner of a misplaced improvement to real property has no action for damages sustained by reason of the unilateral removal of his misplaced improvements by the owner of the real property upon which the misplaced improvements were mistakenly placed.

As stated in 41 Am. Jur. 2d, *Improvements*, § 3:

> As a general rule, buildings and other structures placed or affixed to the soil become part of the land and belong to the owner. In accordance with this rule, improvements of a permanent character, made on real property and attached thereto without the consent of the owner of the fee, by one having no title or interest, become part of the realty and vest in the owner of the fee as his own property within the protection of the law which renders the removal or destruction of such improvement an act of waste.

Virginia has no betterment statute providing a remedy for misplaced improvements, and the Plaintiff had no right to maintain any portion of his septic system on his neighbor's lot. However, the Plaintiff now claims that the Defendants entered the Plaintiff's property to cap the Plaintiff's sewer line, but any effluent which flowed in the capped system from the neighbor's property back onto the Plaintiff's property was the Plaintiff's effluent not the Defendants'. While it was churlish to cut off the Plaintiff's sewer without notice, it was not unlawful, nor did it give rise to any right of action by the Plaintiff so long as the truncation acts occurred wholly on the Defendants' lot.

While a permit may be required to move or alter an established septic field, the governing statutes do not provide for a private remedy in a case such as this. Since the effluent was discharged by the Plaintiff, no action against the Defendants lies under Virginia Code § 10.1-1418.1 (improper disposal of solid waste).

## III. *Decision*

Therefore, it is adjudged and ordered that the Defendants' Demurrer is sustained in part and denied in part. The Demurrer is sustained as to all claims arising from the truncation of the Plaintiff's sewer line, except for the trespass action based on the Plaintiff's allegation that the Defendants' actually entered the Plaintiff's lot without permission to cap the sewer line and that the Defendants moved the Plaintiff's propane tank on the Plaintiff's lot without his permission.