# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

Wallace D. Waddler

December 3, 2004

Indictment No. 04-2704
Indictment No. 03-2890

BY JUDGE MARK S. DAVIS

This matter is before the Court on defendant's motion to dismiss, pursuant to Va. Code § 19.2-243, counts two and four of indictment number 04-2704, as well as defendant's speedy trial objection to the Commonwealth's motion for *nolle prosequi* of count two in indictment number 03-2890.[1] Counsel argued the motion to dismiss and objection to motion for *nolle*

---

[1] The defendant withdrew his speedy trial objection as to count one of indictment number CR03-2890 during the November 16, 2004, hearing. November 16, 2004, Hearing Transcript, pp. 18, 29. The Court overruled different objections to the Commonwealth's motion for *nolle prosequi* of indictment number CR03-2890 at the November 16, 2004, hearing and asked the Commonwealth to prepare an appropriate order. November 16, 2004, Hearing Transcript, pp. 43-50. The Court took under advisement the sole remaining speedy trial objection to the Commonwealth's motion for *nolle prosequi* of count two in indictment number CR03-2890, which objection is addressed in this Opinion and Order.

*prosequi* on November 16, 2004, and the Court took the matters under advisement. The factual and procedural background of these motions, discussion of the issues, and conclusions are set forth below.[2]

*Factual and Procedural Background*

The offenses at issue are alleged to have occurred on June 26, 2003. On June 30, 2003, the magistrate issued two arrest warrants charging the defendant with capital murder and two arrest warrants charging the defendant with use of a firearm in the commission of capital murder. On August 20, 2003, a preliminary hearing was held in the General District Court and all four of the above-referenced charges were certified to the grand jury. The four warrants were presumably forwarded to the Circuit Court Clerk's office to await action of the grand jury at its next meeting on September 4, 2003.

On September 4, 2003, the Commonwealth presented an order to the Circuit Court dismissing the two capital murder warrants. The order indicates that the Commonwealth represented to the Court as follows: "[i]t appears to the Commonwealth that there is not probable cause to indict the defendant for capital murder; and [t]he Commonwealth will present an indictment with direct indictment counts for one count each of first and second degree murder to the Grand Jury in place of the two capital murder charges." That order was signed by counsel for both parties, and the Court entered the order on September 4, 2003. The order dismissed the two capital murder warrants issued on June 30, 2003, and such order is contained in file number CR03-2172.

On that same day, September 4, 2004, the grand jury met and returned a true bill on indictment number CR03-2086. That indictment contained the following counts: (1) a direct indictment count for murder in the first degree, (2) an indictment count for use of a firearm in the commission of a felony (murder), (3) a direct indictment count for murder in the second degree, (4) an indictment count for use of a firearm in the commission of a felony (murder), (5) a direct indictment count for possession of a firearm by a convicted felon. On that same day, a "Capias Upon Indictment, Presentment, or Information" was issued by the Clerk of Court as to each of the direct indictments. The file reflects no such writs of capias having been issued as to the two "use of a

---

[2] The Commonwealth was represented at the November 16, 2004, hearing by Douglas B. Ottinger, Esq., from the Portsmouth Commonwealth's Attorney's office, and the defendant was represented by Nancy E. Kight, Esq., and Jeffrey R. Russell, Esq., from the Office of the Capital Defender of the Commonwealth of Virginia.

firearm" charges contained in counts two and four. However, file CR03-2086 does contain the two "use of a firearm" warrants issued on June 30, 2003. Therefore, the three separate writs of capias for each direct indictment count served as the charging documents on which the defendant was held in those matters, while the two separate June 30, 2003, "use of a firearm" warrants for the other two counts (murder being a lesser included offense of capital murder as referenced in those warrants) served as the charging documents on which the defendant was held in those matters.

The parties appeared before the Court on September 16, 2004, and the Commonwealth moved, without objection, for a *nolle prosequi* of all five counts in indictment number CR03-2086. Hearing Transcript, pp. 2-3. An order granting *nolle prosequi* was entered as to all five counts of indictment number CR03-2086 on September 20, 2004, and the Clerk of Court prepared and forwarded to the jail a Release Order directing that the defendant be released as to each of the counts of the indictment and referencing each count in the upper right corner of such order.

On December 4, 2003, just three months after the indictment in CR03-2086, the Commonwealth presented and the grand jury returned a direct indictment in CR03-2890 for capital murder and use of a firearm in the commission of a felony. A "Capias Upon Indictment, Presentment, or Information" was issued on the same day and listed both counts of this indictment as the basis for the capias. The file reflects that such capias was executed on December 18, 2003. The Commonwealth seeks a *nolle prosequi* of this indictment, and the defense objects, asserting that there is no good cause (as required by statute) for a *nolle prosequi* since the speedy trial time of Va. Code § 19.2-243 has expired. The Court addressed and ruled on some of the objections of the defense to the motion for *nolle prosequi*, but the speedy trial objection on indictment number 03-2890 was taken under advisement, along with defendant's motion to dismiss counts two and four of indictment number 03-2704 on the grounds that he was denied his right to a speedy trial.

The defendant's motion to dismiss is based upon direct indictment number CR04-2704, charging that defendant Wallace D. Waddler: (1) "[o]n or about June 26, 2003, did willfully, deliberately, and with premeditation, kill two or more people, namely, Late Clark, as part of the same transaction as the murder of Keith Copeland, in violation of §§ 18.2-31; 18.2-10 of the Code of Virginia (1950), as amended" – (capital murder); (2) "[o]n or about June 26, 2003, did use, attempt to use, or display in a threatening manner, a firearm, while committing or attempting to commit murder, in violation of § 18.2-53.1 of the Code of Virginia (1950), as amended" – (use of a firearm in the commission of a felony); (3) "[o]n or about June 26, 2003, did willfully,

deliberately, and with premeditation, kill and murder Keith Copeland, in violation of §§ 18.2-32; 18.2-10 of the Code of Virginia (1950), as amended" – (murder); (4) "[o]n or about June 26, 2003, did use, attempt to use, or display in a threatening manner, a firearm, while committing or attempting to commit murder, in violation of § 18.2-53.1 of the Code of Virginia (1950), as amended" – (use of a firearm in the commission of a felony); (5) "[o]n or about June 26, 2003, did knowingly and intentionally possess or transport a pistol, revolver, or other firearm having previously been convicted of a felony whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, in violation of §§ 18.2-308.2; 18.2-10 of the Code of Virginia (1950), as amended" – (possession of a firearm by a convicted felon). Indictment CR04-2704 was a direct indictment, and a "Capias Upon Indictment, Presentment, or Information" was issued as to each of the counts of the indictment on October 7, 2004, the same day that the indictment was returned by the grand jury.

There is no dispute as to the essential facts underlying the defendant's motion and objection. The offenses, from which all of the charges of the indictment are alleged to have arisen, occurred on June 26, 2003. On September 4, 2003, a judge of the Circuit Court entered an order dismissing the two capital murder warrants, based upon a representation that there was no probable cause to proceed on those two warrants at that time. However, no similar action was taken with respect to the two "use of a firearm" warrants, GC03003374 and GC03003375. The defendant takes the position that the speedy trial act ran on these two firearm charges, while the Commonwealth takes the position that the time stopped running on these two firearm charges when the predicate capital murder charges were dismissed on September 4, 2003, and/or when the two firearm charges in CR03-2086 were *nolle prosequi* without objection by order of September 20, 2004, and following a hearing of September 16, 2004.

### Discussion

Both defendant's motion to dismiss and his objection to the Commonwealth's motion for *nolle prosequi* are based upon his claim that he has been denied his right to a speedy trial. Therefore, the Court will first address the speedy trial question, since the ruling on that issue will determine the outcome of the motion and objection.

A. *Speedy Trial*

The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." Sixth Amend., U.S. Const. The Virginia Constitution similarly provides "and he shall enjoy the right to a speedy and public trial. . . ." Va. Const., Art. I, § 8. Va. Code § 19.2-243 is the statutory embodiment of the constitutional right to a speedy trial. *Clark v. Commonwealth*, 4 Va. App. 3, 353 S.E.2d 790 (1987). This code section was intended to assure the defendant's right to a speedy trial and society's interest in swift and certain justice. *Id.* This code section provides that where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court. The code section goes on to outline five time periods in which the provisions of the statute do not apply, though the enumerated exceptions are not all-inclusive and others of a similar nature may apply. *Cantwell v. Commonwealth*, 2 Va. App. 606, 610, 347 S.E.2d 523, 525 (1986).

The defense took the position at oral argument that:

> the Commonwealth in obtaining these additional indictments in September and December and even in . . . October of this year, have done nothing to negate or to terminate the arrest warrants that initiated the charges against Mr. Waddler on the two use of a firearm charges having to do with the murder of Clark and Copeland. They still sit there. They are still alive. The clock continues to run on them, and we are at fifteen months as to those two charges; and if the Court were to entertain a motion to dismiss [as to CR04-2704] based on speedy trial as to those two warrants, then any effort to proceed on those two same charges by other indictments at a later date would certainly be subsumed by the Court's order and prohibited by double jeopardy.

November 16, 2004, Transcript, pp. 21-22. The defendant further argues that there is no "good cause" for *nolle prosequi* of CR03-2890, as required by Va. Code § 19.2-265.3, because such a *nolle prosequi* held out the possibility of reindictment after he was denied his right to speedy trial. As noted above, the Commonwealth takes the position that the time stopped running on these

two firearm charges when the predicate murder charges were dismissed on September 4, 2003, and/or when the Court entered the *nolle prosequi* order on the two firearm charges in CR03-2086 without objection at the September 16, 2004, hearing.

There is an affirmative duty that rests on the Commonwealth to bring about a speedy trial, and an accused may stand mute without waiving his rights as long as his actions do not show that he concurred in or necessitated delay of the trial. *Moten v. Commonwealth*, 7 Va. App. 438, 374 S.E.2d 704 (1988). Furthermore, when an accused asserts that he has been denied a speedy trial, the burden is on the Commonwealth to explain and excuse the delay. *Adkins v. Commonwealth*, 13 Va. App. 519, 521, 414 S.E.2d 188, 190 (1992). "[I]t is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice, and the burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." *Robinson v. Commonwealth*, 28 Va. App. 148, 153, 502 S.E.2d 704, 706 (1998).

### B. *Motion to Dismiss*

The Court will first address the Commonwealth's contention that the speedy trial time stopped running on the two firearm charges when there was a *nolle prosequi* of CR03-2086. When the Commonwealth seeks to prosecute an adult for a felony, it has several options on how to proceed, including direct indictment, presentment, information, or arrest warrant followed by a preliminary hearing. *Burfoot v. Commonwealth*, 23 Va. App. 38, 44, 473 S.E.2d 724, 728 (1996). In this case, the Commonwealth chose to proceed by way of arrest warrant followed by a preliminary hearing as to the original two capital murder charges and the firearm charges. The firearm charges and capital murder charges were certified to the grand jury on August 20, 2003, and the grand jury did not meet until September 4, 2003. On that day, the Commonwealth obtained dismissal of the capital murder charges and presented the firearm charges to the grand jury, which returned a true bill. The arrest warrants supporting the firearm charges had been previously executed and they are contained in the CR03-2086 file.

The Court entered an order of *nolle prosequi* at to all charges in CR03-2086 on September 20, 2004. "When the trial court enters a *nolle prosequi* of an indictment, it lays 'to rest that indictment and the underlying warrant without disposition, as though they had never existed'." *Id.* at 44, 473 S.E.2d at 727. Therefore, the defense contention, that the arrest warrant for the firearm charges continued after the *nolle prosequi* of CR03-2086, must fail.

Simply put, the two warrants constituted the charging documents in CR03-2086. Although those warrants indicated that they were for use of a firearm in the commission of capital murder, and the firearm charges in indictment number CR03-2086 accompanied first and second degree murder counts, such murder counts are lesser included offenses of capital murder. Since the General District Court had found probable cause for the capital murder charges that originally accompanied the two firearm charges, it stands to reason that there was probable cause for the firearm charges that accompanied the first and second degree murder charges in indictment number CR03-2086. The firearm charges in indictment number CR03-2086 were clearly based upon the two firearm warrants. When those firearm charges were *nolle prosequi*, the firearm warrants were laid to rest, and the speedy trial clock of Va. Code § 19.2-243 stopped running on September 20, 2004, as to warrants GC03003374 and GC03003375.

The defendant's motion, objection, and argument at the November 16, 2004, hearing regarding his speedy trial rights were all primarily focused on Va. Code § 19.2-243. However, as noted above, the defendant is also entitled to a speedy trial pursuant to the Sixth Amendment to the U.S. Constitution and Article I, § 8, of the Virginia Constitution. Four factors are to be weighed in determining whether an accused has been deprived of his Sixth Amendment rights to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *Harris v. Commonwealth*, 258 Va. 576, 585-86, 520 S.E.2d 825, 830 (1999).[3] The factors are length of delay, reason for delay, whether defendant asserted his right, and prejudice to the accused from the delay. The prejudice to the defendant must be considered in the light of the interests the speedy trial right was designed to protect: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. The last is the most serious. *Id.* As in *Harris*, 258 Va. at 586, 520 S.E.2d at 831, the difficulty with any contention by the defendant that he was denied his right to a speedy trial under the U.S. (and Virginia) Constitution is that it "fail[s] to account for the effect of the *nolle prosequi* of the original indictment." Defendant did not object to the *nolle prosequi* of indictment number CR03-2086 and therefore he cannot sustain a claim for violation of his constitutional right to a speedy trial by alleging that the firearm warrants

---

[3] In light of this Court's ruling below, it is not necessary to decide whether the Court should utilize the four factors applicable to a U.S. Constitution speedy trial claim in analyzing a similar claim under the Virginia Constitution.

264

remained in existence thereafter. It is therefore unnecessary to analyze each of the factors.

Based upon this ruling, it is unnecessary for the Court to address the Commonwealth's contention that the speedy trial time on the firearm warrants stopped running when the predicate capital murder charges were dismissed on September 4, 2003. For the reasons stated above, the motion to dismiss counts two and four of indictment number CR03-2086 is denied.[4]

## C. *Objection to Motion for Nolle Prosequi*

This leaves for consideration the defendant's contention that there is no good cause for a *nolle prosequi* of the firearm charge contained in count two of indictment number CR03-2890. The Commonwealth originally moved for *nolle prosequi* to address concerns regarding the possibility of a defective indictment.

In *Harris*, 258 Va. at 579-80, 520 S.E.2d at 827, the Virginia Supreme Court considered a case in which the prosecution filed a continuance motion that was denied. The prosecutor then moved for a *nolle prosequi* of the indictment, which was granted over the objection of the defendant. The defendant was later re-indicted on the same charges, and the defendant moved to dismiss that indictment contending that the Commonwealth had effectively continued the first prosecution in the form of the second, thus denying him his statutory right to a speedy trial. The Supreme Court of Virginia found that the trial court had good cause for granting the *nolle prosequi* of the original indictment. *Id.*

In balancing the roles of the branches of our government and giving due respect to the separation of powers between those branches, the Commonwealth is "first and presumptively the best judge of whether a pending prosecution should be terminated . . . [and] [t]he exercise of its discretion with respect to the termination of pending prosecutions should not

---

[4] Since the parties did not address themselves to application of the speedy trial timeliness and mechanics of indictment number CR03-2086 at the November 16, 2004, hearing, the Court expresses no opinion as to whether a speedy trial violation, from the time of the August 20, 2003, General District Court certification through the entry of *nolle prosequi* on September 20, 2004, would preclude the Commonwealth from proceeding on indictment number CR04-2704 or from obtaining a *nolle prosequi* of CR03-2890. *Compare United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988), *and United States v. Paige*, 332 F. Supp. 2d 467, 471 (D. R.I. 2004), *with Moten v. Commonwealth*, 7 Va. App. 438, 374 S.E.2d 704 (1988), *and Harris v. Commonwealth*, 258 Va. 576, 520 S.E.2d 825 (1999).

be judicially disturbed unless clearly contrary to manifest public interest." *See United States v. Cowan*, 524 F.2d 504, 507-13 (5th Cir. 1975), *cert. denied*, 425 U.S. 971, 96 S. Ct. 2168, 48 L. Ed. 2d 795 (1976). In determining whether a prosecutor's exercise of its discretion to terminate prosecution of a case is clearly contrary to manifest public interest, the Virginia appellate court decisions have found that, when the facts demonstrate bad faith or oppressive tactics, good cause does not exist. *Harris*, 258 Va. at 584, 520 S.E.2d at 830.

The Court first notes that the Commonwealth's motion for *nolle prosequi* of indictment number CR03-2086 was granted without objection by the defendant. The effect of the *nolle prosequi* is to discontinue the prosecution and discharge the accused from liability on the indictment to which the *nolle prosequi* is entered. *Id.* at 585, 520 S.E.2d at 830. The indictment in CR03-2890 was a new charge (even though it overlapped in time), distinct from the original charge or indictment, and when an original indictment is supplanted by a second indictment, the terms contemplated by Va. Code § 19.2-243 are counted from the time of the second indictment.

As noted above, the speedy trial time on the firearm warrants ended with the *nolle prosequi* of indictment number CR03-2086. Therefore, absent proof that the speedy trial time on indictment number CR03-2890 has expired, the Court can find no denial of defendant's speedy trial rights as to count two of indictment number CR03-2890. Since the Court has already found that the Commonwealth had an apparently legitimate desire for a *nolle prosequi*, in part to address concerns regarding a possibly defective indictment, the Court finds good cause for the Commonwealth's motion for *nolle prosequi* as to count two. November 16, 2004, Hearing Transcript, pp. 39, 46, 50. *Cantrell v. Commonwealth*, 7 Va. App. 269, 277-78, 373 S.E.2d 328, 331-22 (1990) (finding existence of good cause where the trial court indicated it was granting *nolle prosequi* out of concern regarding possibly defective indictment). The Commonwealth's motion for *nolle prosequi* as to count two of indictment number CR03-2890 is granted, and defendant's objection thereto is overruled.

## Conclusion

The defendant's motion to dismiss the firearm charges contained in counts two and four of the indictment is denied without prejudice to defendant's right to seek dismissal on additional speedy trial grounds. It is so ordered.

REPORTER'S NOTE: For earlier proceedings in this case, see 65 Va. Cir. 417.